**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

THOMAS JOYCE,
*Defendant-Appellant.*

No. 17-10269

D.C. No.
4:14-cr-00607-PJH-4

OPINION

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted June 13, 2018[*]
San Francisco, California

Filed July 11, 2018

Before: Michael R. Murphy,[**] Richard A. Paez,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Murphy

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

## SUMMARY[***]

### Criminal Law

Affirming a conviction for conspiring to suppress and restrain competition by rigging bids, in violation of 15 U.S.C. § 1, the panel held that bid rigging is per se illegal under Section 1 of the Sherman Act, and that the district court therefore did not err by refusing to permit the defendant to introduce evidence of the alleged ameliorative effects of his conduct.

### COUNSEL

Robert Waggener, San Francisco, California, for Defendant-Appellant.

Mary Helen Wimberly and James J. Fredricks, Attorneys; Marvin N. Price Jr., Acting Deputy Assistant Attorney General; Andrew C. Finch, Principal Deputy Assistant Attorney General; Makan Delrahim, Assistant Attorney General; Kelsey C. Linnett and Alexis J. Loeb, Antitrust Division; United States Department of Justice, Washington, D.C.; for Plaintiff-Appellee.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

MURPHY, Circuit Judge:

## I.  INTRODUCTION

Appellant Thomas Joyce was charged by indictment with conspiring to suppress and restrain competition by rigging bids, in violation of the Sherman Act, 15 U.S.C. § 1. Joyce brought a pretrial motion, arguing the matter should be adjudicated under a rule of reason analysis rather than the per se analysis advocated by the government.  The district court ruled against Joyce, concluding the bid-rigging scheme alleged in the indictment was illegal per se under Section 1 of the Sherman Act.  Joyce proceeded to trial and was convicted.  He challenges his conviction, arguing the district court erred by refusing to apply the rule of reason analysis to the bid-rigging charge.

In this appeal, we are presented with the question of whether bid rigging is a per se violation of Section 1 of the Sherman Act.  We conclude it is.  Accordingly, exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court affirms.

## II.  BACKGROUND

The indictment in this matter alleged that Joyce participated in a bid-rigging scheme involving foreclosed real property in Contra Costa County, California. Specifically, the indictment charged that Joyce and his coconspirators agreed to suppress competition by refraining from bidding against each other at public auctions.  The means and methods alleged included: agreeing not to compete to purchase selected properties at public auctions; designating which conspirators would win selected properties at public auctions; refraining from bidding for

selected properties at public auctions; purchasing selected properties at public auctions at artificially suppressed prices; negotiating, making, and receiving payoffs for agreeing not to compete with coconspirators; and holding second, private auctions, to determine the payoff amounts and choose the conspirator who would be awarded the selected property.

Prior to trial, Joyce filed a "Motion to Adjudicate Government's Sherman Act Allegations Pursuant to the Rule of Reason." In the motion, Joyce asked the district court to determine that the per se rule is inapplicable to the bid-rigging charges. Under the per se rule, arguments and evidence relating to, *inter alia*, the procompetitive nature of the conduct at issue are excludable. *See Arizona v. Maricopa Cty. Med. Soc'y*, 457 U.S. 332, 345 (1982). The district court denied the motion, concluding bid rigging "falls squarely within the per se category." Joyce was convicted at trial and sentenced to imprisonment for twelve months and one day. In this appeal, he asserts the district court erred by denying his motion and refusing to admit evidence that allegedly shows the procompetitive benefits of his conduct.

## III.    ANALYSIS

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1. Despite the broad language used in the statute, the Supreme Court has held that Section 1 prohibits only agreements that *unreasonably* restrain trade. *Bd. of Trade of Chi. v. United States*, 246 U.S. 231, 238 (1918); *Standard Oil Co. of N.J. v. United States*, 221 U.S. 1, 58–60 (1911). Typically, the determination of whether a particular agreement in restraint of trade is unreasonable involves a factual inquiry commonly known as the "rule of reason." *Metro Indus., Inc., v. Sammi Corp.*, 82 F.3d 839, 843 (9th Cir. 1996). "The rule of reason

weighs legitimate justifications for a restraint against any anticompetitive effects." *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1156 (9th Cir. 2003).

The rule of reason inquiry, however, is inapplicable if "the restraint falls into a category of agreements which have been determined to be per se illegal." *United States v. Brown*, 936 F.2d 1042, 1045 (9th Cir. 1991). The "per se rule is applied when the practice facially appears to be one that would always or almost always tend to restrict competition and decrease output." *NCAA v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 100 (1984) (internal quotation marks omitted). Such agreements or practices are "conclusively presumed to be unreasonable" because of their "pernicious effect on competition and lack of any redeeming virtue." *N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 5 (1958). If a business arrangement is a type conclusively presumed to be unreasonable, the government is relieved of any obligation to prove the unreasonableness of the specific scheme at issue and any business justification for the defendant's conduct is neither relevant nor admissible. *See United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1213 (9th Cir. 1992) ("In a criminal antitrust prosecution, the government need not prove specific intent to produce anticompetitive effects where a per se violation is alleged.").

The Supreme Court has held that horizontal price fixing is a per se violation of the Sherman Act. *United States v. McKesson & Robbins, Inc.*, 351 U.S. 305, 309 (1956) ("It has been held too often to require elaboration . . . that price fixing is contrary to the policy of competition underlying the Sherman Act . . . ."); *see also Am. Ad Mgmt., Inc. v. GTE Corp.*, 92 F.3d 781, 784 (9th Cir. 1996) (listing "horizontal price fixing, division of markets, group boycotts, tying

arrangements, and output limitations" as restraints of trade the Supreme Court has "held to be within the per se category"); *United States v. MMR Corp.*, 907 F.2d 489, 497 (5th Cir. 1990) ("[T]he defendants point to various cases which state the unassailable proposition that an agreement among competitors to fix prices is a per se violation of section 1 of the Sherman Act."). Although this court has never expressly held that bid rigging is a per se violation of Section 1 of the Sherman Act, bid rigging is a form of horizontal price fixing. *See United States v. Fenzl*, 670 F.3d 778, 780 (7th Cir. 2012) (describing bid rigging as "a form of price fixing in which bidders agree to eliminate competition among them, as by taking turns being the low bidder"); *United States v. Bensinger Co.*, 430 F.2d 584, 589 (8th Cir. 1970) (holding bid rigging is "a price-fixing agreement of the simplest kind, and price-fixing agreements are per se violations of the Sherman Act"), *superseded on other grounds as stated in DCS Sanitation Mgmt., Inc. v. Occupational Safety & Health Review Comm'n*, 82 F.3d 812 (8th Cir. 1996). Bid rigging is, therefore, a per se violation of the Sherman Act.

Joyce does not contest that the conduct described in the indictment was classic bid rigging or that the evidence presented at trial was insufficient to establish he engaged in bid rigging. *See* Appellant Br. at 11 (referring to his own conduct as a "bid rigging agreement"). Instead, he argues the per se rule should not apply to the scheme in which he participated because that scheme, which he says involved "a few participants in a narrow set of public foreclosure auctions," did not have any "demonstrable effect on the pricing or quantity of the real estate sold." *Id*. When a defendant's conduct falls squarely into a category of economic restraint necessarily prohibited by Section 1 of the Sherman Act, however, the per se rule applies and "the need

to study the reasonableness of an individual restraint" on trade is eliminated. *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 886 (2007); *Brown*, 936 F.2d at 1045 (holding the "case-by-case analysis is unnecessary when the restraint [on trade] falls into a category of agreements which have been determined to be per se illegal"). Accordingly, Joyce's assertion that the district court erred by not allowing him to present evidence to the jury regarding the actual effect his conduct had on the market for foreclosed properties is misplaced. The per se rule eliminates the need to inquire into the specific effects of certain restraints of trade. *N. Pac. Ry. Co.*, 356 U.S. at 5. The very purpose of the per se rule is to "avoid[] the necessity for an incredibly complicated and prolonged economic investigation into the entire history of the industry involved, as well as related industries, in an effort to determine at large whether a particular restraint has been unreasonable." *Id.*

Joyce's related argument that the courts are not sufficiently familiar with non-judicial public foreclosure auctions was rejected by the Supreme Court decades ago. In 1982, the Court held that the per se rule is applicable to price-fixing agreements (of which bid rigging is a form) regardless of the industry in which the conduct occurred. *Maricopa Cty. Med. Soc'y*, 457 U.S. at 349–51 (applying the per se rule to a price-fixing agreement among health care providers). Rejecting two arguments identical to the ones Joyce makes here, the Court stated:

> We are equally unpersuaded by the argument that we should not apply the *per se* rule in this case because the judiciary has little antitrust experience in the health care industry. The argument quite obviously is inconsistent with

*Socony-Vacuum.* In unequivocal terms, we stated that, "[w]hatever may be its peculiar problems and characteristics, the Sherman Act, so far as price-fixing agreements are concerned, establishes one uniform rule applicable to all industries alike." [310 U.S. 150, 222 (1940)]. We also stated that "[t]he elimination of so-called competitive evils [in an industry] is no legal justification" for price-fixing agreements, *id.* at 220, yet the [Ninth Circuit] Court of Appeals refused to apply the *per se* rule in this case in part because the health care industry was so far removed from the competitive model. Consistent with our prediction in *Socony-Vacuum*, 310 U.S. at 221, the result of this reasoning was the adoption by the Court of Appeals of a legal standard based on the reasonableness of the fixed prices, an inquiry we have so often condemned. Finally, the argument that the *per se* rule must be rejustified for every industry that has not been subject to significant antitrust litigation ignores the rationale for *per se* rules, which in part is to avoid "the necessity for an incredibly complicated and prolonged economic investigation into the entire history of the industry involved, as well as related industries, in an effort to determine at large whether a particular restraint has been unreasonable—an inquiry so often wholly fruitless when undertaken." [*N. Pac. Ry. Co.*, 356 U.S. at 5].

> The respondents' principal argument is that the *per se* rule is inapplicable because their agreements are alleged to have procompetitive justifications. The argument indicates a misunderstanding of the *per se* concept. The anticompetitive potential inherent in all price-fixing agreements justifies their facial invalidation even if procompetitive justifications are offered for some. Those claims of enhanced competition are so unlikely to prove significant in any particular case that we adhere to the rule of law that is justified in its general application.

*Id*. (footnotes omitted). The Court's holding in *Maricopa County* makes it clear that for purposes of the per se rule, it is irrelevant that Joyce's bid rigging activities took place in any particular industry or during a downturn in the broader economy.

Because Joyce's appellate arguments fail as a matter of law, his attempt to persuade this court that his conduct was procompetitive is unavailing. The government is not required to "prove specific intent to produce anticompetitive effects where a per se violation is alleged." *A. Lanoy Alston*, 974 F.2d at 1213; *see also N. Pac. Ry. Co.*, 356 U.S. at 5.

## IV.    CONCLUSION

Because bid rigging is per se illegal under Section 1 of the Sherman Act, the district court did not err by refusing to permit Joyce to introduce evidence of the alleged ameliorative effects of his conduct. Accordingly, the judgment of the district court is **AFFIRMED**.