**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10519 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00580-PJH-2 |
| v. | |
| JAVIER SANCHEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10528 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00580-PJH-3 |
| v. | |
| GREGORY CASORSO, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10113 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00580-PJH-1 |
| v. | |
| MICHAEL MARR, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted January 16, 2019[**]
San Francisco, California

Before:  CLIFTON and FRIEDLAND, Circuit Judges, and ADELMAN,[***] District Judge.

Defendants Michael Marr, Javier Sanchez, and Gregory Casorso appeal their jury convictions for conspiring to suppress and restrain competition by rigging bids in property foreclosure sales in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, which prohibits "contract[s], combination[s] . . . , or conspirac[ies]" that unreasonably "restrain[] trade or commerce."

1. We are bound by *United States v. Manufacturers' Ass'n of Relocatable Bldg. Industry*, 462 F.2d 49 (9th Cir. 1972).  *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (holding that a three-judge panel of this court is bound by prior circuit law unless "the reasoning or theory of [the] prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

higher authority"). In *Manufacturers'*, we held that applying the per se rule in a criminal antitrust case did not violate the defendant's constitutional rights. *Manufacturers' Ass'n*, 462 F.2d at 52. Defendants' argument that *Manufacturers'* is clearly irreconcilable with intervening Supreme Court antitrust decisions is unpersuasive, because the Supreme Court has continued to recognize categories of per se violations. *See Ohio v. American Express Co.*, 138 S. Ct. 2274, 2283 (2018) ("A small group of restraints are unreasonable *per se*."); *F.T.C. v. Actavis, Inc.*, 570 U.S. 136, 161 (2013) (noting that "it is *per se* unlawful to fix prices under antitrust law"); *Texaco Inc. v. Dagher*, 547 U.S. 1, 5 (2006) ("Price-fixing agreements between two or more competitors, otherwise known as horizontal price-fixing agreements, fall into the *category of arrangements* that are *per se* unlawful." (emphasis added)). Defendants' argument that *Manufacturers'* is clearly irreconcilable with intervening Supreme Court decisions relating to mandatory evidentiary presumptions in criminal law is irrelevant, because *Manufacturers'* held that the per se rule is not an evidentiary presumption *at all*. *Manufacturers' Ass'n*, 462 F.2d at 52. The district court therefore did not err in instructing the jury under the per se rule.

2. Defendants' proposed jury instruction, which would have instructed the jury that two entities are not competitors for purposes of Section 1, and therefore cannot conspire, if they are engaged in a joint venture, lacked support in the law or

3

in the facts of this case. *See United States v. Thomas*, 612 F.3d 1107, 1120 (9th Cir. 2010) ("A defendant is entitled to have the judge instruct the jury on [his or her] theory of defense, provided that it is supported by the law and has some foundation in the evidence." (quoting *United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990)). That Defendants cooperated with other persons and entities for purposes of rigging bids does not mean they were not competitors. *See Am. Needle, Inc. v. Nat'l Football League*, 560 U.S. 183, 191 (2010) (explaining that even "members of a legally single entity" have been held to have "violated § 1 when the entity was controlled by a group of competitors and served, in essence, as a vehicle for ongoing concerted activity"). Thus, the district court did not err in rejecting the proposed instruction. *See Thomas*, 612 F.3d at 1120-21 (explaining that this court reviews de novo the question whether a proposed instruction was supported by law, and "for abuse of discretion whether there is a factual foundation for a proposed instruction").

3. Defendants did not preserve their argument that the district court's instruction defining bid rigging was overbroad. *See* Fed. R. Crim. P. 30 ("A party who objects to any portion of the [jury] instructions . . . must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate."). We thus review for plain error. *See* Fed R. Crim. P. 52(b); *Puckett v. United States*, 556 U.S. 129, 135 (2009) (outlining four prongs to plain error

4

review). Here, even assuming the portion of the instruction that Defendants claim was overbroad should not have been included, it did not affect Defendants' substantial rights because the bid-rigging conduct Defendants were accused of clearly fell within the core of the instruction, not the allegedly overbroad part.

4. To the extent Defendants have argued that the district court's instructions amounted to a constructive amendment of their indictment, that argument fails. The indictment clearly stated that Defendants were accused of bid rigging. That the indictment also quoted *Standard Oil* in generally describing the Sherman Act violation—*i.e.*, rigging bids *in unreasonable restraint of trade and commerce*— does not alter the fact that the bid-rigging charge was a charge of a per se antitrust violation. *See United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014) (explaining that there is no constructive amendment "when the indictment simply contains superfluously specific language describing alleged conduct irrelevant to the defendant's culpability under the applicable statute," and that "[i]n such cases, convictions can be sustained if the proof upon which they are based corresponds to the offense that was clearly described in the indictment"); *see also United States v. Joyce*, 895 F.3d 673, 679 (9th Cir. 2018) (holding that bid rigging was a per se violation and that "the district court did not err by refusing to permit [the defendant] to introduce evidence of the alleged ameliorative effects of his

conduct," in an appeal by another co-conspirator involved in the same scheme as Defendants here).

**AFFIRMED.**